# EXHIBIT A

Case 1:26-cv-01352-VM-RWL    Document 1-2    Filed 02/17/26    Page 2 of 18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JUN HANADA,

                           Plaintiff,

    -against-

AMAZON.COM, INC. a/k/a AMAZON.COM
SERVICES.INC. d/b/a AMAZON.COM,

                         Defendant.

---

Index No.
Date Purchased

## *SUMMONS*

Plaintiff(s) designate(s)
New York County
as the place of trial.

The basis of venue is
defendant's address

To the above named Defendant(s):

    ***You are hereby summoned*** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney(s) within **twenty** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Notice of Electronic Filing
(See Rider Annexed)

Dated: New York, New York
      November 5, 2025

**JAROSLAWICZ & JAROS PLLC**
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780
dj@lawjaros.com

By: _____
          David Jaroslawicz

Defendant(s) address(es):

424 Fifth Avenue
New York, New York 10018

410 Terry Avenue N
Seattle, Washington 98109

Case 1:26-cv-01352-VM-RWL    Document 1-2    Filed 02/17/26    Page 3 of 18

**Rider to Summons**

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- If you are represented by an attorney:
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" [below]).

- **If you are not represented by an attorney:**
  **You will be served with all documents [on] paper and you must serve and file your documents [on] paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the Internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and file your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or [to obtain] more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or

- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

### Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nycef@nycourts.gov).

Case 1:26-cv-01352-VM-RWL    Document 1-2    Filed 02/17/26    Page 4 of 18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY NEW YORK

-------------------------------------------------------------------x

JUN HANADA,                                                    Index No.

                                    Plaintiff,                **VERIFIED COMPLAINT**

         -against-

AMAZON.COM, INC. a/k/a AMAZON.COM
SERVICES, INC. d/b/a AMAZON.COM,

                                    Defendant.

-------------------------------------------------------------------x

Plaintiff, by his attorneys, Jaroslawicz & Jaros PLLC complaining of the defendant, upon information and belief, alleges as follows:

## THE PARTIES

1.      At all times hereinafter mentioned, plaintiff JUN HANADA is a resident of the State of New York. ("plaintiff").

2.      At all times hereinafter mentioned, defendant AMAZON.COM, INC. a/k/a AMAZON.COM SERVICES INC. d/b/a AMAZON.COM was and is a foreign C Corporation with its principal place of business located at 410 Terry Avenue N., Seattle, Washington 98109 with a New York City head office located at 424 Fifth Avenue, New York, New York. ("Amazon," "Amazon defendant").

3.      At all times hereinafter mentioned, the Amazon defendant operated as a retailer, seller, and distributor, utilizing their website for consumers at: **amazon.com,** that includes listings for consumer products, as that term is defined at Section 3(a)(5) of

1

Case 1:26-cv-01352-VM-RWL Document 1-2 Filed 02/17/26 Page 5 of 18

the Consumer Product Safety Act and 15 U.S.C. §2052(a)(5). *See*, In the Matter of Amazon.com, Inc., Docket no. 21-2. Complaint issued by the United States of America Consumer Product Safety Commission

4. Through the website amazon.com, the Amazon defendant offer an e-commerce business in which Amazon and its users can connect with consumers via the internet, expanding sales opportunities beyond traditional brick-and-mortar and direct retail sales channels. *Id.* at ¶8.

5. Amazon was pivotal in bringing the product to the consumer, the plaintiff.

6. Amazon is a direct link in the chain of distribution of the defective product and accordingly should be held liable if a product sold through its website is defective.

7. Amazon is the largest e-commerce sales market in the United States accounting for nearly 40% of all US ecommerce sales and second place Walmart at 6% is not even close. *See*, *Business Dasher.com* (Last visited July 25, 2025); *Seller Commerce.com* (Last visited July 25, 2025; *The Associated Press* (Last visited July 28, 2025)

8. At all times hereinafter mentioned, the Amazon defendant was in the business of marketing, promoting, selling, distributing, delivering, and otherwise placing into the stream of commerce, "hundreds of millions of unique products," including but not limited to the Home Resistance Training Kit in the State of New York and elsewhere (the "Product") purchased by the plaintiff.

2

Case 1:26-cv-01352-VM-RWL    Document 1-2    Filed 02/17/26    Page 6 of 18

9. According to Amazon's product listing for the Product purchased by plaintiff, the Product was allegedly manufactured, distributed, and/or sold under the alleged brand "ANDRSAN" with no further meaningful identification. **Exhibit A,** Amazon Order Details.

10. On its website, Amazon touted the Product in its product details (**Exhibit B**) as being made of high-quality and durable materials.

11. Amazon was an integral part of the overall producing and marketing enterprise that should bear the cost of injuries resulting from the defective Product.

12. Upon information and belief, Amazon's marketing of the Product is deceptive and intentionally misleads consumers in order to lure consumers into believing that the Product is safe and without risk, which it is neither.

13. Upon information and belief, defendant Amazon's purported "A to Z Claims Process for Property Damage and Personal Injury" ("Claims Process") is illusory. Amazon's *A to Z Claims Process Terms and Conditions* and *A to Z Guarantee for Property Damage and Personal Injury* policies are annexed hereto as **Exhibit C**.

14. The Claims Process, which Amazon promotes as "quick and efficient" conspicuously excludes any payments for non-economic damages, attorneys' fees, punitive damages, and other losses. **Exhibit C.**

15. Consumers such as the plaintiff are not knowingly dealing with unidentified companies, they are reading and relying upon marketing language on Amazon's website, ordering the products from Amazon, the Product is shipped by

3

Case 1:26-cv-01352-VM-RWL    Document 1-2    Filed 02/17/26    Page 7 of 18

Amazon with Amazon packaging, and the consumer is paying Amazon and relying on Amazon's reputation and integrity that the Product is safe and suitable for use for the purpose intended and promoted by Amazon. **Exhibits A & B.**

16.    Upon information and belief, whatever secret relationships exist between Amazon and others who pay a fee to sell and distribute dangerous products through the Amazon website, should not inure to defendant's benefit or worse, immunize Amazon from liability under consumer protection, product liability, breach of warranty and negligence laws in the United States.

17.    Defendant Amazon is in the best position to be aware that products distributed and sold on their website, including the Product at issue herein, injure consumers while Amazon profits from promoting and selling the Product.

18.    Upon information and belief, Amazon knew or should have known through the Product's customer reviews and otherwise, that the Product caused injury and harm, yet defendant Amazon continued to market, sell, and distribute the Product for profit.

19.    Upon information and belief, Amazon did not perform any testing on the Product prior to marketing, promoting, selling, and distributing it to plaintiff and the public at large which it did not reveal to the plaintiff.

20.    One of Amazon's strategies has been to "expand aggressively into multiple business lines" *Amazon's Antitrust Paradox, 126 Yale L.J. 710* citing Amazon.com, Inc., Annual Report (Form 10-K) 4 (January 28, 2016) (Last visited July 24,

4

Case 1:26-cv-01352-VM-RWL Document 1-2 Filed 02/17/26 Page 8 of 18

2025) *See also,* WSJ RE: Grocery Expansion (Last visited July 28, 2025).

21. In addition to being a retailer, Amazon is a marketing firm, for which it gets paid handsomely and without which plaintiff would not have been aware of the Product and would not have purchased the Product. *Amazon's Antitrust Paradox, 126 Yale L.J. 710* citing Amazon.com, Inc., Annual Report (Form 10-K) 4 (January 28, 2016) (Last visited July 24, 2025).

22. Manufacturers and distributors sell their wares through Amazon by listing their goods on Amazon. Amazon earns "... fixed fees, a percentage of sales, per-unit activity fees, interest, or some combination thereof for [their] seller programs" collecting fees from sales from them. Amazon Annual Report 2024 (last accessed July 24, 2025) and *Amazon's Antitrust Paradox, 126 Yale L.J. 710,* citing Angus Loten & dam Janofsky, Sellers *Need Amazon, but at What Cost?,* WALL ST. J. (*JAN. 14, 2015, 6:30 PM);* See, also, AP RE: Lawsuit on Overcharging Sellers; Reuters RE: Merchants Demand for Lower Fees FTC Suit; and Bloomberg RE: New Fees "Kick in the Gut" (Last visited July 28, 2025)

23. Amazon's sophistication and capability to be on notice that a product sold on their website is hurting people is mere child's play, and in fact, upon information and belief, Amazon was fully aware of the Product's dangers and yet continued to sell it.

24. Amazon readily admits in its 2024 Annual Report that it is subject to product liability claims when people are harmed by the products distributed,

5

Case 1:26-cv-01352-VM-RWL    Document 1-2    Filed 02/17/26    Page 9 of 18

sold and/or manufactured by Amazon:

> Some of the products we sell or manufacture expose us to product liability or food safety claims relating to personal injury or illness, death, or environmental or property damage, and can require product recalls or other actions. Third parties who sell products using our services and stores also expose us to product liability claims. Additionally, under our A-to-z Guarantee we may reimburse customers for certain product liability claims up to certain limits in these situations, and as our third-party seller sales grow, the cost of this program will increase and could negatively affect our operating results. Although we maintain liability insurance, we cannot be certain that our coverage will be adequate for liabilities actually incurred or that insurance will continue to be available to us on economically reasonable terms, or at all. Although we impose contractual terms on sellers that are intended to prohibit sales of certain type of products, we may not be able to detect, enforce, or collect sufficient damages for breaches of such agreements. In addition, some of our agreements with our vendors and sellers do not indemnify us from product liability.

Amazon Annual Report 2024 [emphasis added]

25.     If Amazon "may not be able to detect, enforce, or collect sufficient damages" then how is an ordinary consumer such as the plaintiff supposed to be compensated for damages sustained from a defective product distributed or sold by Amazon allegedly made in China by an unidentifiable vendor other than ANDRSAN? Id.

## THE UNDERLYING FACTS

26.     On or about March 2, 2024, and prior thereto, the Product was touted to the plaintiff for sale on defendant Amazon's website amazon.com.

27.     On or about March 2, 2024, the plaintiff ordered the Product through defendant Amazon's website. Exhibit A.

6

28. The plaintiff paid Amazon.com the sum of $43.55 to purchase the Product. Exhibit A.

29. The plaintiff reasonably believed that he was purchasing the Product from defendant Amazon as the seller because he ordered it from their website and paid them for the Product. Exhibit A.

30. Said product was subsequently delivered to the plaintiff by Amazon in Amazon packaging.

31. On or about July 30, 2025, the plaintiff made use of the Product in the gym in the building where he resided, in accordance with the purported packaging instructions and/or in a manner that could have and should have been anticipated by the defendant.

32. The plaintiff followed instructions on the Product packaging and labels.

33. The plaintiff used the Product in a foreseeable and predictable manner.

34. On or about July 30, 2025, while plaintiff was making use of the Product, it broke/snapped, did not properly hold plaintiff's weight, as a result of which plaintiff suffered severe and permanent personal injuries to his left shoulder and adjacent body parts.

7

## AS AND FOR A FIRST CAUSE OF ACTION

35. The Product was defectively designed, manufactured, fabricated, tested, labeled, inspected, marketed, distributed, monitored, promoted, and sold by defendant.

36. The Product was defective and unreasonably dangerous when the defendant placed it into the stream of commerce because it was advertised to be safe and of high quality.

37. Upon information and belief, despite due notice and actual knowledge of the defective Product and the imminent risk of harm said defect posed to consumers, defendant purposefully concealed said defect, refused/failed to notify consumers, failed to recall the Product, and continued to market, sell, and distribute the defective Product to consumers including but not limited to plaintiff.

38. Upon information and belief, notwithstanding the foregoing due notice, defendant intentionally concealed such information, failed to provide adequate warnings or instructions concerning the product and continued to consistently market the Product.

39. The defects in the Product were a proximate cause of the damages suffered by the plaintiff.

40. As a result of the defendant's negligent, willful, wanton, malicious, and reckless conduct, while using the Product as intended, foreseeable and/or

8

Case 1:26-cv-01352-VM-RWL    Document 1-2    Filed 02/17/26    Page 12 of 18

anticipated, the plaintiff was caused to suffer severe and permanent personal injuries to his left upper extremity, including, but not limited to, dislocated left shoulder with nerve damage; Bankart impaction injury, left shoulder; Hill-Sachs impaction injury, left shoulder; torn labrum, left shoulder; torn rotator cuff, left shoulder; torn biceps tendon, left shoulder; Severe acute neuropathy, with severe ulnar and radial involvement; severe multifocal axonal neuropathy, encompassing axillary nerve and other distal branches, left upper extremity; numbness down left upper extremity into fingers; restriction of motion, left upper extremity, including hand and fingers; severe pain, tenderness and weakness to left upper extremity from shoulder down to his fingers; mental anguish and distress; unable to engage in his usual, regular and customary recreational activities and hobbies; plaintiff required and will require medical care and attention for the aforesaid injuries and will likely require such treatment in the future; onset of arthritic changes to the injured areas are anticipated; in addition thereto, plaintiff sustained injuries to the skin, bones, muscles, tissues, cartilage, ligaments, blood vessels, nerve systems, and nerve centers of the affected areas of the body; in the event that the injuries were superimposed upon any pre-existing conditions, including but not limited to any latent condition, or there was any pre-existing element, including but not limited to the normal aging process, which have contributed to the extent and severity of the injuries and rendered plaintiff more prone and/or weakened

9

and/or susceptible to further injury, then such pre-existing conditions or susceptibility, if any, were aggravated, activated, precipitated, triggered, accelerated and/or acted upon by the injuries sustained in the subject occurrence and/or caused plaintiff to become symptomatic; all of which damages are permanent in nature and continuing into the future.

41. By reason of the foregoing, the plaintiff is entitled to recover all of his damages from the defendant.

42. The conduct of defendant was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages in addition to actual damages.

## AS AND FOR A SECOND CAUSE OF ACTION

43. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

44. The defendant warranted and represented, both expressly and impliedly, that the Product was reasonably safe, fit for its intended purpose and reasonably foreseeable use and of merchantable quality. See, UCC §2-314 and 2-315.

10

Case 1:26-cv-01352-VM-RWL Document 1-2 Filed 02/17/26 Page 14 of 18

45. Plaintiff relied upon the skill and judgment of the defendant seller and upon the aforesaid warranties and representations and expected that the Product was reasonably safe and fit for the purpose for which it was intended.

46. The defendant's representations and warranties were false and misleading and were breached because the Product was defective, hazardous, dangerous, not reasonably safe, not fit for its intended or reasonably foreseeable uses, not of merchantable quality, and did not meet the expectations of consumers, including plaintiff.

47. That, in fact, the Product was not fit for the purpose for which it was intended; the Product was defective and not properly formulated; it was not properly prepared; used improper and inferior materials; was of inferior quality; was not properly inspected prior to being manufactured or sold; failed to contain proper and adequate warnings or instructions.

48. Thus, the defendant breached its express and implied warranties.

49. The defendant's breaches were a proximate cause of the damages suffered by the plaintiff as set forth above.

50. By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

51. The conduct of defendant was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious

11

indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages in addition to actual damages.

## AS AND FOR A THIRD CAUSE OF ACTION

52. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

53. The defendant was reckless, careless and negligent in designing, manufacturing, assembling, testing, labeling, inspecting, marketing, distributing, monitoring, promoting, and selling an inherently dangerous and hazardous Product to the public, and to the plaintiff in particular; in marketing and selling a Product which caused serious and permanent injuries including, but not limited to, dislocation of his left shoulder with nerve damage; in falsely advertising the purported benefits of the Product; in failing to warn the public, and the plaintiff in particular, and adequately convey the risks of the Product; in conveying false benefits of the Product; in deceptively and falsely advertising, promoting and stating that Product was safe to mislead consumers without disclosing or warning of any potential risks; in launching a force or instrument of harm; in failing to equip the Product with necessary and adequate safety guard(s) or device(s); in failing to provide adequate, necessary and proper instructions with the Product; in marketing and selling a product in violation of applicable rules and regulations; plaintiff will rely upon res ipsa

12

Case 1:26-cv-01352-VM-RWL    Document 1-2    Filed 02/17/26    Page 16 of 18

loquitor; in violating all applicable statutes, rules and regulations; in failing to remove the Product from defendant's website despite actual knowledge of its dangers; in marketing and selling a defective product despite being on actual notice of its dangers; in violating Amazon's own internal rules and standards for goods sold on Amazon.com and defendant was otherwise, reckless, careless and negligent.

54. Upon information and belief, the defendant was aware of the defects and dangers caused by the Product through numerous other incidents, public message board postings, customer complaints, reviews, reports and other sources but negligently failed to take the appropriate steps to redesign or remove the Product from Amazon's website and defendant nevertheless continued to market and sell the Product even after being put on notice of serious injuries resulting from use of the Product.

55. The defendant failed to warn that the Product was of inferior quality, dangerous, defectively designed, and could cause serious harm; created a dangerous condition; and failed to recall or remove the Product from its website even after, upon information and belief, receiving numerous reports and complaints about the Product's dangers and of persons being injured due to the Product.

56. The defendant's negligence was a proximate cause of the damages suffered by the plaintiff as set forth above.

13

Case 1:26-cv-01352-VM-RWL    Document 1-2    Filed 02/17/26    Page 17 of 18

57.    By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

58.    The conduct of defendant was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages in addition to actual damages.

WHEREFORE, plaintiff demands judgment against the defendant, to recover for all of his damages, including punitive damages, all together with the costs and disbursements of this action.

Dated:    New York, New York
          November 5, 2025

JAROSLAWICZ & JAROS PLLC
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
      DAVID JAROSLAWICZ

14

Case 1:26-cv-01352-VM-RWL    Document 1-2    Filed 02/17/26    Page 18 of 18

## VERIFICATION

DAVID JAROSLAWICZ of the firm of JAROSLAWICZ & JAROS PLLC, attorneys for the plaintiff in the within action, duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to Rule 2016 of the CPLR:

That she has read the foregoing Complaint and knows the contents thereof; that the same is true to her own knowledge except as to those matters therein stated to be alleged upon information and belief, and that as to those matters, she believes them to be true.

Affiant further states that the source of her information and the grounds of her belief are derived from the file maintained in the normal course of business of the attorneys for the plaintiff.

Affiant further states that the reason this affirmation is not made by the plaintiff is that at the time this document was being prepared, the plaintiff was not within the County of New York, which is the County where the attorney for the plaintiff herein maintains their office.

Dated: November 5, 2025

_____
DAVID JAROSLAWICZ